IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| JOYCE DRAYCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:22-cv-00321 |
| | ) | |
| WAL-MART STORES TEXAS, LLC d/b/a | ) | |
| WAL-MART STORE #500, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WAL-MART STORES TEXAS, LLC'S NOTICE OF REMOVAL

WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORE #500 ("Defendant") respectfully submits this Notice of Removal for the purpose of removing the above-entitled action from the 327th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas.  As grounds for this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL HISTORY

1.      Plaintiff commenced this action in the 327th Judicial District Court in El Paso County, Texas, Cause No. 2022DCV1037, by filing her Original Petition ("Petition") on April 4, 2022.  Copies of all pleadings filed in that action are attached as Exhibit A.

2.      Plaintiff served her Original Petition on Defendant on August 19, 2022 [Exhibit "A"].

3.      As Defendant more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.      Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6.      Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which their partners or members are citizens.

7.      Defendant is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart, Inc.   The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust.   The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P.   Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner.   The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart, Inc.   The principal place of business of Wal-Mart Stores Texas, LLC is Bentonville, Arkansas.   Therefore, Wal-Mart Stores Texas, LLC is a citizen of the states of Arkansas and Delaware.   Wal-Mart, Inc. is a Delaware corporation with its principal place of business in Arkansas.   Therefore, Wal-Mart, Inc. is a citizen of the states of Arkansas and Delaware.   Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332, 1441.

8.      Plaintiff is claiming damages for reasonable medical care and expenses in the past and future, physical pain and suffering in the past and future, and mental anguish in the past and future. Plaintiff seeks monetary relief of no less than $250,000 and no more than $1,000,000. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

9.      Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

### III.  OTHER REMOVAL MATTERS

10.     Defendant reserves the right to amend or supplement this Notice of Removal.

11.     There have been no pleadings served upon Defendant other than the Plaintiff's Original Petition.

12.     This Notice of Removal is filed within 30 days of service upon Defendant of the Petition in compliance with 28 U.S.C. § 1446(b).

13.     Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, 327th Judicial District Court, attaching a file-stamped copy of this Notice of Removal.

14.     Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

15.     WHEREFORE, Defendant gives notice that *Joyce Draycott v. Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Store #500*, Cause No. 2022DCV1037, in the 327th Judicial District Court of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____

    **STEVEN J. BLANCO**
    State Bar No. 00796217
    sblanco@bomwlaw.com
    **ROBERT M. ESTRADA**
    State Bar No. 24071886
    restrada@bomwlaw.com

Attorneys for Defendant WAL-MART STORES TEXAS,
LLC

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the ___12___ day of September, 2022.

_____
           **STEVEN J. BLANCO**

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/19/2022
CT Log Number 542151778

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in Texas**

**FOR:**   Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DRAYCOTT JOYCE // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 327th Judicial District Court of El Paso County, TX<br>Case # 2022DCV1037 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/23/2020, Store #500, at 4530 Woodrow Bean, El Paso, Texas 79924 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/19/2022 at 11:32 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 a.m. on the Monday next after the expiration of 20 days after the date of service hereof |
| **ATTORNEY(S)/SENDER(S):** | Daniela Labinoti<br>Law Firm of Daniela Labinoti, P.C.<br>707 Myrtle Avenue<br>El Paso, TX 79901<br>915-581-4600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/19/2022, Expected Purge Date: 08/24/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Aug 19, 2022
**Server Name:**                        scott hickman

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 2022 dcv1037 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



*JOB# 191431*

*Enu 8/19/22*

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:  **WAL-MART STORES TEXAS, LLC., D/B/A WAL-MART STORE #500,** who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM,** at **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 4th day of April, 2022 by Attorney at Law, DANIELA LABINOTI, 707 MYRTLE AVENUE, EL PASO, TX 79901, in this case numbered **2022DCV1037** on the docket of said court, and styled:

**JOYCE DRAYCOTT**
**VS**
**WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORE #500**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 11th day of April, 2022.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: NORMA FAVELA BARCELEAU District Clerk
El Paso County, Texas

By: _____, Deputy
Olga Rios

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original
Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____    _____ Sheriff

_____ County, Texas

Total _____ $ _____    by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 327th District Court

Filed 4/4/2022 4:40 PM
Norma Favela Barceleau
District Clerk
El Paso County
2022DCV1037

| | | |
|---|---|---|
| **JOYCE DRAYCOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Cause No.: 2022-DCV-_____** |
| | § | |
| **WAL-MART STORES TEXAS, LLC d/b/a** | § | |
| **WAL-MART STORE #500** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOYCE DRAYCOTT (hereinafter called "Plaintiff"), complaining of WAL-MART STORES TEXAS, L.L.C. d/b/a WAL-MART STORE #500 (hereinafter referred to as "Defendant Wal-Mart"), and for a cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.
### PARTIES & SERVICE

Plaintiff JOYCE DRAYCOTT is a resident of El Paso County, Texas.

Defendant WAL-MART STORES TEXAS, L.L.C. d/b/a WALMART STORE #500 is a foreign for-profit corporation doing business in Texas, and specifically in El Paso County, Texas. It may be served with citation and a copy of this Original Complaint by serving its registered agent, CT CORPORATION SYSTEM, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 and/or wherever its registered agent may be found.

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

Page 1 of 12

At all relevant times, Defendant WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORE #500 has done business at 4530 Woodrow Bean, El Paso, Texas 79924 under the common name, assumed name and/or business name of WAL-MART.

### III.
### VENUE & JURISDICTION

Venue is proper is this cause under Section §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in the county. The subject matter in controversy is within the jurisdiction limits of this Court. This Court has jurisdiction over this matter in that one of the Defendant WAL-MART STORES TEXAS, LLC d/b/a WAL- MART STORE #500 business operation, maintain their place of business in El Paso County, Texas.

### IV.
### FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident which occurred on or about April 23, 2020, in El Paso County, Texas, specifically at Wal-Mart #500, 4530 Woodrow Bean, El Paso, Texas 79924. This retail store is owned, run, and operated by Defendant. As such, Plaintiff invokes the doctrine of *respondeat superior* and/or vicarious liability.  At the time in question, Plaintiff was an invitee at the subject retail store.

On or about April 23, 2020, Plaintiff was an invitee at the retail store in question. Plaintiff arrived at the store and noticed there was a line formed to gain access into the store and Defendant's employees were directing customers, including the Plaintiff to get in the fence barriers (crowd barriers) installed and placed by Defendant's Walmart agent and employees. As requested by the employees of Walmart, Plaintiff and her husband went into the area. As Plaintiff placed herself in line and waited for the line to move forward, as Plaintiff was moving forward, Plaintiff suddenly

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 2 of 12**

tripped on the foot of a crowd barrier that was protruding out and ending with Plaintiff falling to the concrete floor landing on her right knee and falling forward ending in a laceration to her right eye.  More particularly, unbeknown to Plaintiff, one of the metals was sticking out up and was bent up which resulted in Plaintiff's foot being stuck or being caught into and falling directly into the floor on her entire right side. Plaintiff fell with her face, knee, body on the ground and was crying screaming.

Plaintiff was totally unprepared for the for the fall. Plaintiff injured her right knee, she received a quarter inch laceration between her brow line, a concussion, and received injuries to the right side of her body ending with a left lateral sixth rib closed fracture. Plaintiff has had three surgeries as a result of these injuries.

Plaintiff was on the ground crying and Walmart employees that were directing the line and were by the metal barriers came to rescue and called ambulance. No one, not even her husband was allowed by Walmart's employees to touch the Plaintiff because of the seriousness of injuries. Plaintiff was crying and unable to move until picked up by Paramedics.

The manager and assistant manager provided an IPAD to Plaintiff while she was on ground crying to sign but Plaintiff couldn't read from the pain, so she refused.

Plaintiff was taken to hospital with serious injuries.

Following days, Plaintiff's husband called for an incident report and left several messages with Walmart's employees but never got a call back and were ignored. Plaintiff is forced to file suit.

At the time, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and/or to warn of their existence.

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

Page 3 of 12

The retail store in question is under the sole control of Defendant Wal-Mart. Employees of Defendant Wal-Mart are responsible for providing a safe place for their customers. Defendant Wal-Mart and their employees are further responsible for ensuring the safety of customers. Defendant Wal-Mart has a duty to keep their premises safe for invitees such as the Plaintiff. Defendant Wal-Mart failed in this duty.

Defendant is vicariously liable for all acts and/or omissions of negligence committed by their store managers, and any and all employees, officers, or agents of Defendant, which were the proximate cause of all damages suffered by Plaintiff.

Plaintiff sustained substantial injuries and damages. Plaintiff continues to have issues as a result of this incident. Plaintiff sustained a concussion, a quarter inch laceration to her brow line, a right knee contusion, and abrasions of multiple sites. Plaintiff further sustained a left lateral sixth rib closed fracture. Plaintiff received a genicular nerve block injection to her right knee and suffered significant pain for several months. Plaintiff had to also undergo months of physical therapy and continues to seek medical treatment and still suffers from those injures to date. Plaintiff has had more than 3 surgeries as a result of this incident.

Plaintiff is forced to file this suit to demand that Defendant be held responsible for the entire harm caused to her.

## V.
## NEGLIGENCE OF DEFENDANT WALMART

The occurrence made the basis of this suit and Plaintiff's resulting injuries were proximately caused by the negligence, negligent conduct by and though its agents, servants or employees acting within the scope and course of their employment, in one or more, but not limited to, of the following ways:

1. Failure to properly place the metal, fence barriers or crowd barriers.

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 4 of 12**

2. Failure to properly inspect/monitor the crowd barriers to the degree it created a dangerous condition;

3. Failure to properly inspect/maintain the crowd barriers to find and eliminate the dangerous condition;

4. Failure to warn invitees of the potentially dangerous conditions;

5. Failure to implement safety precautions to prevent further injuries to invitees;

6. Failure to assure that store employees complied with and followed all safety precautions to prevent injuries to invitees;

7. Failure to correct the dangerous conditions that existed at the premise for the time in question;

8. Ignoring the safety of the customers and acting with reckless disregard to the rights of the customers/invitees by failing to properly maintain the crowd (metal barricades) barriers;

9. Negligent and reckless disregard towards customers' safety from Wal-Mart Stores employees;

10. Negligent training and supervision by management and Wal-Mart Stores on the proper and safe way to install, inspect, and maintain the crowd barriers in question;

11. Failing to select and/or hire an employee(s) that were properly qualified, skilled, experienced, and/or careful and/or competent and/or licensed to engage and/or perform the work on the premise.

12. Improper inspection and allowing the metal barricades to represent a dangerous condition by having parts that are bent and sticking out and going up causing Plaintiff's foot to get stuck.

Based upon these negligent acts and omissions Defendant Walmart, by and through its agents, servants or employees acting within the scope and course of their employment, failed to exercise that ordinary care which should have been used by a reasonably prudent person under the same or similar circumstances. Each of such acts and omissions, singularly and/or in combination with others constituted negligence and negligence per se whether taken separately or together, was the

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 5 of 12**

proximate cause of this incident and thus, the injuries and damages sustained by Plaintiff as a result thereof which are described below.

## VI.
## VICARIOUS LIABILITY

Plaintiff would show that Defendants are liable for the damages and injuries which were caused by the negligence of their managers, employees, agents and/or representatives. Defendants are liable for the acts and/or omissions of its managers, employees, and agents. In addition, Defendants owed a duty of care to Plaintiff because of Defendants' right of control of the premises, which arose through the course of operating the retail store.   Defendants are liable under the doctrine of *respondent superior;* master/servant; principal/agent.

## VII.
## PLAINTIFF'S CLAIMS OF PREMISE LIABILITY OF DEFENDANT WALMART

In the alternative, Plaintiff was an invitee of Defendant Walmart to whom they owed a duty to warn of any dangerous conditions on or about the premises, a duty to alleviate or guard against any dangerous conditions on or about the premises, and a duty to maintain its premises in a reasonable and safe condition.  Defendant Walmart did none of these things.

Plaintiff's resulting injuries were proximately caused by the negligent conduct of Defendant Walmart, by and though its agents, servants or employees acting within the scope and course of their employment, taken singularly or in any combination, individually and/or collectively, in one or more, but not limited to, of the following ways:

a.   In failing or refusing to warn Plaintiff, and/or place warnings or refusing to correct the problem prior to Plaintiff's injury;

b.   In failing to maintain the premise in a safe condition to be used by the public;

c.   In failing to warn Plaintiff of the dangerous condition prior to the time Plaintiff was injured;

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 6 of 12**

d.  In failing to exercise ordinary care in discovering, fixing and/or removing the dangerous condition in their premises that would cause danger to the customers/invitees;

e.  Failing to exercise ordinary care in discovery and fixing the dangerous condition after it had been known for a sufficient length of time prior to the time Plaintiff was injured;

f.  Failing to repair the dangerous condition after that condition was discovered or known by Defendant Walmart's employees and before Plaintiff was injured;

g.  Failing to exercise ordinary care as a person would have maintained under the same or similar circumstances;

h.  Failing to take affirmative action to control or avoid increasing the danger from an activity that has been at least partially created by the Defendants' conduct along with the duty to exercise reasonable care to avoid a foreseeable risk of injury to others;

i.  Failing to do something about the dangerous situation to prevent injury to others if it reasonably appears or should appear to them that others in the exercise of their lawful rights may be injured by the dangerous situation Defendants created;

j.  At the relevant time, Defendants' knowledge and foreseeability established a duty because the risk and danger of the area was present and apparent to Defendants, and they failed to warn Plaintiff of such;

k.  Failing to properly train and supervise their employee(s) conducting the work at the premise and checking the premises to make sure there is no condition that represents a danger to the customers/invitees; and

l.  Failing to select and/or hire an employee(s) that was a properly qualified, skilled, experienced, and/or careful and/or competent and/or licensed to engage and/or perform the work on the premise and eliminate dangerous conditions in the store.

Based upon these negligent acts and omissions whether taken singularly or in any combination, individually and/or collectively, Defendant Walmart by and though its agents, servants or employees acting within the scope and course of their employment failed to exercise that ordinary care which should have been used by a reasonably prudent person under the same or similar circumstances.

Each of such acts and omissions, singularly and/or in combination with others constituted negligence and negligence per se whether taken separately or together, was the proximate cause

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 7 of 12**

of this incident and thus, the injuries and damages sustained by Plaintiff as a result thereof which are described below.

## VIII.
### NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT OF DEFENDANT WALMART

Plaintiff would show that Defendant Walmart owed a duty to clients and customers, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said employees, agents etc to make sure that they properly and safely install the metal barricades or crowd barriers and warn or eliminate potential danger to the public.

Plaintiff would further show that Defendant Walmart failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant Walmart's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees.

The conditions caused by Defendant Walmart created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions and/or occurrences involving Plaintiff, described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

Based upon these negligent acts and omissions whether taken singularly or in any combination, individually and/or collectively, Defendant Walmart failed to exercise that ordinary care which should have been used by a reasonably prudent person under the same or similar circumstances.

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 8 of 12**

Each of such acts and omissions, singularly and/or in combination with others constituted negligence and/or negligence per se whether taken separately or together, was the proximate cause of this incident and thus, the injuries and damages sustained by Plaintiff as a result thereof which are described below.

Defendant Walmart failed to train the employees to investigate and report unsafe conditions/activities throughout the store, including but not limited to the observation of any improper bagging of items.

Defendant Walmart had a duty to assure that employees were competent, and they would not ignore risks and unsafe conditions in the store. Walmart owed a duty to the customers to make sure that when they came to Walmart they were not placed in danger and injured as a result of dangerous conditions.

## IX.
## PLAINTIFF'S DAMAGES

As a result of Defendants' negligence, Plaintiff sustained serious injuries including a concussion, a quarter inch laceration to her brow line, a right knee contusion, and abrasions of multiple sites. Plaintiff further sustained a left lateral sixth rib fracture. Plaintiff has had a significant amount of medical treatment. The negligence of Defendants' that led to Plaintiff's injuries has drastically impacted Plaintiff's life and well-being.

Plaintiff has had a total of three surgeries due to the injuries she sustained and suffered in this case.

As a further result of the occurrence, Plaintiff has incurred expenses for medical and healthcare, medical attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing

services and medical attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has also been prevented from performing her daily activities as a direct result of the subject accident and will continue to be unable to perform her daily activities in the future. As a result of the accident, Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.

Plaintiff has suffered damages within the jurisdictional limits of this Court. **In compliance with the pleading requirements of *Tex.R.Civ.P.* 47(c), Plaintiff seeks monetary relief of more than $250,000 but less than $1,000,000**

Plaintiffs hereby notify Defendant that Plaintiffs intend to use Defendant's discovery answers and responses, including any evidence produced in responses to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

**X.**
**REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT**
**DUTY TO DISCLOSE WITHIN 30 DAYS OF THE SERVICES.**

**PLEASE BE ADVISED THAT UNDER TEXAS RULE 194 YOU MUST PRODUCE AND PROVIDE THE REQUIRED DISCLOSURES WITHIN 30 DAYS OF SERVICE**

(a) **Time for Initial Disclosures.** A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined.

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

**Page 10 of 12**

(b) **Content.** Without awaiting a discovery request, Aa party may request disclosure of any or all of the following must provide to the other parties:

(1) the correct names of the parties to the lawsuit;

(2) the name, address, and telephone number of any potential parties;

(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(4) the amount and any method of calculating economic damages;

(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(6) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7) any indemnity and insuring agreements described in Rule 192.3(f);

(8) any settlement agreements described in Rule 192.3(g);

(9) any witness statements described in Rule 192.3(h);

(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

**194.3 Testifying Expert Disclosures.**

In addition to the disclosures required by Rule 194.2, a party must disclose to the other parties testifying expert information as provided by Rule 195.

Disclosures. Without awaiting a discovery request, a party must provide the following for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

## XI.
## JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600- Voice
(915) 581-4605- Fax
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No. 24050900

*Joyce Draycott vs. Wal-Mart Stores et.al.*
**Plaintiff's Original Petition & Jury Demand**

Page **12** of **12**